# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

HEATH TYLER WISDOM,           No. 2:16-CV-0471-GEB-CMK

    Plaintiff,

  vs.           FINDINGS AND RECOMMENDATIONS

FEDERAL BUREAU OF PRISONS, et al.,

    Defendants.

_____/

        Plaintiff, a federal prisoner proceeding pro se, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.

As in a nearly identical prior action (see Wisdom v. Bureau of Prisons, 2:15-CV-0218-AC-P, judgment entered January 8, 2016), plaintiff claims that the "changing of Plaintiff's history of violence category and score constituted a bill of attainder and deprivation of the equal protection of the law in violation of the Constitution and laws of the United States."  As with the prior action, the court lacks jurisdiction to hear the current action.  Specifically, 18 U.S.C. § 3625 "expressly strips this court of jurisdiction to review certain decisions made by BOP officials."  Brown v. Holder, 770 F. Supp. 2d 363 (D.D.C 2011).  "It is well settled that this exclusion applies to cases in which federal inmates are challenging their security classifications and facility designations."  Id.  Nor can plaintiff proceed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), because federal prisoners have no constitutional or statutory right with respect to classification or place of confinement.  See Moody v. Daggett, 429 U.S. 78 (1976).

Based on the foregoing, the undersigned recommends that this action be dismissed and that all pending motions (Docs. 2 and 6) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2017

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE